**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

NICOLE MAIR,                                              CIVIL ACTION NO.:

      Plaintiff,

        v.

                                   Date:  October 16, 2025

TARGET ENTERPRISE, INC. AND
SHANDONG EXCEL LIGHT
INDUSTRIAL PRODUCTS CO., LTD,

      Defendants.

**NOTICE OF REMOVAL**
**(Diversity Jurisdiction)**

To the Judges of the United States District Court for the District of Connecticut, the

defendant, Target Enterprise, Inc. (hereinafter "the Defendant"), hereby files this Notice of

Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and, in support

thereof, respectfully states:

      1.      On or about September 17, 2025, a copy of the Writ, Summons and Complaint was

delivered by a marshal to CT Corporation System, Statutory Registered Agent for Service and duly

authorized representative for Defendant at 357 East Center Street, Suite 2J, in Manchester,

Connecticut.  The Complaint and Summons for this matter were returned to the Superior Court for

the Judicial District of New Haven at New Haven on October 7, 2025, entitled: <u>Nicole Mair v.</u>

<u>Target Enterprise, Inc., et al.</u>, with docket number NNH-CV25-6161204-S (hereinafter "State

Action") returnable November 4, 2025, a copy of which, along with the Return of Service, is attached hereto as Exhibit A.

      2.      There is one named plaintiff in the State Action, Nicole Mair.  In the Complaint, the Plaintiff claims that on or about September 2, 2023 at approximately 4:20 p.m., Plaintiff was in her apartment in New Haven, Connecticut when she took a Swing Drinking Bottle from her refrigerator.  See Exhibit A, Complaint at ¶¶ 6—7. Plaintiff alleges that the Swing Drinking Bottles, sold by Defendant, exploded in her hand, causing her injuries.  Id. at ¶¶ 7—8.  The Complaint alleges that the Plaintiff suffered injuries and damages which are the responsibility of Defendant.  Id. at ¶ 10.

      3.      This action involves citizens of different states.  At all times relevant, the Plaintiff, Nicole Mair, is a citizen of the State of Connecticut and resident of the Town of New Haven.  See Exhibit A, Summons.

      4.      Defendant, Target Enterprise, Inc., is a limited liability corporation with a principal place of business in Minnesota.

      5.      Defendant, Shandong Excel Light Industrial Products Co., LTD, is a foreign corporation based in China.  Defendant, Shandong Excel Light Industrial Products Co., LTD consents to removal of this action.

      6.      Attorney Patrick Day has filed a notice of appearance on behalf of the Defendants, Target Enterprise, Inc. and Shandong Excel Light Industrial Products Co., LTD, in the State Action, a copy of which is attached hereto as Exhibit B.

2

7.     Defendants have not yet filed a response to the Complaint in the State Action and will seek additional time to file a responsive pleading in the U.S. District Court.

8.     Based on the allegations in the Plaintiff's Complaint and information provided by plaintiff's counsel's office regarding the Plaintiff's injuries and damages, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.   As a result of the incident alleged in Plaintiff's Complaint, Plaintiff is claiming she suffered a "left leg laceration with permanent scarring," "injury to the muscular structure of the left leg," and "left knee injury."  See Exhibit A, Complaint ¶ 7.   Plaintiff is also claiming that as a result of aforementioned injuries she was required to "seek ambulatory transport, emergency medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and prescription pain-killing medication."  Id. at ¶ 9. Furthermore, Plaintiff claims she will suffer future harm and potential disability as a result of the events alleged in her Complaint. Id. at ¶ 11.

9.     The State Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because (1) the principal place of business of the Defendant Target Enterprise, Inc. and Defendant Shandong Excel Light Industrial Products Co., LTD, is wholly diverse from the citizenship of the Plaintiff; (2) the citizenship of the members of the Defendant Target Enterprise, Inc. limited liability company is wholly diverse from the domicile/citizenship of the Plaintiff; and (3) the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five

3

Thousand Dollars ($75,000.00).  Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441 *et seq*.

10.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt by the Defendant of the Summons and Complaint, as the Complaint was served on September 17, 2025, and this Notice of Removal is being filed within 30 days of the date that the Summons and Complaint were served.

11.     Defendant has complied with the procedural requirements for removal as set forth in 28 U.S.C. § 1446.

12.     The Superior Court for the Judicial District of New Haven at New Haven is located within the District of Connecticut, and, therefore, venue is proper pursuant to 28 U.S.C. § 86, because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

13.     A copy of the written notice required by 28 U.S.C. § 1446(d) is attached hereto as Exhibit C.

14.     Pursuant to the Local; Standing Order on Removed Cases and Local Rule 5(b), Counsel for Defendant, Patrick J. Day of Morrison Mahoney LLP, has filed a Notice of Appearance in conjunction with this Notice of Removal.

15.     Pursuant to the Local Standing Order on Removed Cases, Defendant will serve Plaintiff's counsel with notice regarding the requirement for counsel to file a Notice of Appearance with the Clerk of this Court pursuant to Local Rule 5(b).

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

16.    Pursuant to the Local Standing Order on Removed Cases, Defendant has filed and served in conjunction with this Notice of Removal a signed statement setting forth:  (1) the date on which each defendant received a copy of the summons an complaint in the state court action; (2) the date on which each defendant was served with a copy of the summons and complaint; if any of those dates are different form the dates set forth in item (1); (3) Defendants' basis for removal; (4) that removal has not taken place more than 30 days after any defendant first received a copy of the summons an complaint; (5) that all defendants served prior to the filing of the notice of removal have formally joined in or consent to the notice of removal; and (6) the name and firm of all counsel of record for each party.

17.    Pursuant to the Local Standing Order on Removed Cases, Defendant has filed in conjunction with this Notice of Removal a Notice of No Pending Motions.

18.    By filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor does it waive any other defenses available to it under applicable state law and/or the Federal Rules of Civil Procedure

WHEREFORE, the Defendant Target Enterprise, Inc. respectfully removes this action from the Superior Court of Connecticut, Judicial District of Hartford, to this Court pursuant to 28 U.S.C. § 1332 and U.S.C. § 1441.

5

DEFENDANT,
TARGET ENTERPRISE, INC.


By:  /s/ *Patrick J. Day*
       Patrick J. Day
       pday@morrisonmahoney.com
       ct21858
       James L. Brawley
       jbrawley@morrisonmahoney.com
       ct17321
       Megan H. DeFrank
       mdefrank@morrisonmahoney.com
       ct31507
       Morrison Mahoney LLP
       One Constitution Plaza, 10th Floor
       Hartford, CT 06103
       Phone:    860-616-4441
       Fax:       860-244-3800

6

## **CERTIFICATION**

I hereby certify that on this same date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *Patrick J. Day*</u>
Patrick J. Day (CT21858)

7

# **EXHIBIT A**

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| | |
|---|---|
| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ | STATE OF CONNECTICUT<br>JUDICIAL BRANCH<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503 – 6800 | 11/4/2025 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| ☐ Housing Session ☐ Number: | | New Haven | Major: **T**    Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Polito & Harrington, LLC, 567 Vauxhall Street Ext., Suite 230, Waterford, CT 06385 | 420119 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 447 – 3300 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book<br>info@politolaw.com |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: **Mair, Nicole**<br>Address: **216 Fountain Street, Apt. 1, New Haven, CT 06515** | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: **Target Enterprise, Inc., 1000 Nicolett Mall, Minneapolis, MN 55403**<br>Address: **Agent for Service: C T Corporation System, 357 East Center Street, Suite 2J, Manchester, CT 06040** | D-01 |
| Additional defendant | Name: **Shandong Excel Light Industrial Products Co., Ltd., 168 Minxiang Road, High Tech Industrial**<br>Address: **Development Zone, Zibo, Shandong, China** | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 9/9/2025 | | ☐ _____ Clerk | James M. Harrington |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is *not responsible in any way for any* errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

| 🖶Print Form🖶 | Page 1 of 2 | 🔄Reset Form🔄 |
|---|---|---|

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*

   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| **Contracts** | C 00 | Construction - All other | **Property** | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | **Torts** | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | **(Other than** | T 03 | Defective Premises - Private - Other |
| **Eminent Domain** | E 00 | State Highway Condemnation | **Vehicular)** | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| **Housing** | H 00 | Housing - Summary Process | | T 30 | Malpractice - All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | | | |
| | H 70 | Housing - Bed Bug Infestation | **Vehicular Torts** | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 90 | Housing - All Other | | V 05 | Motor Vehicles* - Property Damage only |
| **Miscellaneous** | M 00 | Injunction | | V 06 | Motor Vehicle* - Products Liability including Warranty |
| | M 10 | Receivership | | V 09 | Motor Vehicle* - All other |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 10 | Boats |
| | M 20 | Mandamus | | V 20 | Airplanes |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 30 | Railroads |
| | M 40 | Arbitration | | V 40 | Snowmobiles |
| | M 50 | Declaratory Judgment | | V 90 | All other |
| | M 63 | Bar Discipline | | | *"Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | | |
| | M 68 | Bar Discipline - Inactive Status | **Wills, Estates and Trusts** | W 00 | Probate Appeals |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 10 | Construction of Wills and Trusts |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | W 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| RETURN DATE: NOVEMBER 4, 2025 | : | SUPERIOR COURT |
|---|---|---|
| NICOLE MAIR | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| TARGET ENTERPRISE, INC. AND SHANDONG EXCEL LIGHT INDUSTRIAL PRODUCTS CO., LTD | : | SEPTEMBER 9, 2025 |

## COMPLAINT

**COUNT ONE:**     **As to Target Enterprise, Inc. – C.G.S. Section 52-572m et seq.**

1.      This action is brought as a product liability claim pursuant to Connecticut General Statutes Chapter 925, Section 52-572m, et. seq.

2.      On September 2, 2023, and at all relevant times herein, Target Enterprise, Inc. (hereinafter the "defendant") owned, operated, and maintained a retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

3.      On September 2, 2023 and at all times relevant hereto, the defendant was licensed to do business in Connecticut and marketed and sold 32-ounce Swing Drinking Bottles to the public which were marketed as a "Target Brand", and with the reasonable expectation that such product would be used within the State of Connecticut (hereinafter "the product").

4.      At all times relevant hereto, the defendant was a product seller within Connecticut's Product Liability Act (CPLA) as defined in Section 52-572m(a) of the Connecticut General Statutes.

5.      On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and on said date purchased two of the aforesaid product from defendant Target.

6.      On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

1

7.     At said time and place, the plaintiff went to grab one of the aforementioned Swing

Drinking Bottles from her refrigerator when suddenly and without warning the bottle exploded, causing

shards of glass to shoot toward the plaintiff and lacerate her left leg.

8.     The 32-ounce Swing Drinking Bottle was placed into the stream of commerce by the

defendant with the expectation that it would reach consumers without substantial change in its condition

prior to use by the plaintiff.

9.     The 32-ounce Swing Drinking Bottle which was placed into the stream of commerce by

the defendant was unreasonably dangerous in that it was sold and/or delivered to the plaintiff without

adequate safeguards or warnings for its safe use by the plaintiff.

10.     The injuries sustained by the plaintiff were caused by and are the responsibility of the

defendant for one or more of the following reasons in that the defendant:

(a)     released into the stream of commerce a product that was dangerously defective in
        that it did not contain adequate warnings in violation of Conn. Gen. Stat. Sec. 52-
        572q(a);

(b)     released into the stream of commerce a product although the defendant failed to
        adequately instruct, train and/or warn the plaintiff regarding its risks, hazards and/or
        dangers despite the foreseeability of harm in violation of Conn. Gen. Stat. Sec. 52-
        572q(b)(2);

(c)     released into the stream of commerce a product although the defendant failed to
        adequately warn, instruct and/or train the person best able to take precautions
        against the potential harm in violation of Conn. Gen. Stat. Sec. 52-572q(d);

(d)     released into the stream of commerce a product although the defendant failed to
        adequately inspect or test the 32-ounce Swing Drinking Bottle;

(e)     released into the stream of commerce a product although the defendant failed to
        confirm that the 32-ounce Swing Drinking Bottle sold to the plaintiff, as more fully
        set forth herein, was safe for use by her;

(f)     failed to confirm that the plaintiff had received adequate instruction;

(g)     released into the stream of commerce a product that was defective in its
        manufacture;

(h)     released into the stream of commerce a product that was defective in its
        construction;

2

(i)     released into the stream of commerce a product that was defective in its design;

(j)     released into the stream of commerce a product that was dangerously defective in that it was not capable of enduring reasonable and expected temperatures;

(k)     released into the stream of commerce a product although the defendant failed to adequately inspect or test it;

(l)     released into the stream of commerce a product which lacked adequate      safety protection for foreseeable users, such as the plaintiff;

(m)    released into the stream of commerce a product without safety guards and/or a design which would have prevented the injury sustained by the plaintiff even though such safeguards were known to the defendant;

(n)     released into the stream of commerce a product although the defendant failed to confirm that the safety and performance of the product was verified;

(o)     released into the stream of commerce a product which employed materials it knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's use; and/or

(p)     released into the stream of commerce a product although the defendant failed to warn consumers of dangers associated with using the 32-ounce Swing Drinking Bottle, specifically with respect to potential effects on said bottles' durability based on changing temperature.

11.     One or more of the above violations of the CPLA were a substantial factor in causing the

plaintiff to suffer serious and painful injuries, including but limited to the following, some or all of

which may be permanent in nature:

(a)     left leg laceration and permanent scarring;

(b)     injury to the muscular structure of the left leg; and

(c)     left knee injury.

12.     The plaintiff was a reasonably foreseeable user of the defendant's defective product in

that the product was sold and/or manufactured in an unreasonably dangerous condition and without

adequate warnings and/or instruction and/or training to the plaintiff, thereby creating a direct risk of

injury to the plaintiff.

3

13.    To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency medical treatment, stitches, follow-up treatment, orthopedic care, radiological exams, physical therapy, and prescription pain-killing medication.

14.    In addition, she suffered and will continue to suffer great physical and mental pain and has been and will be in the future unable to participate in many of the activities in which she engaged prior to the accident.

15.    By reason of the defective conditions of the defendant's product, the plaintiff was required to spend substantial sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her injuries.

16.    As a further result of the defective conditions of the defendant's product, as aforesaid, the plaintiff has and will in the future suffer from a fear of a future disability.

**COUNT TWO:**    **As to Target Enterprise, Inc. – In The Alternative, Negligence Other Than under C.G.S. Section 52-572m et seq.**

1.    On September 2, 2023, and at all relevant times herein, Target Enterprise, Inc. (hereinafter the "defendant") owned, operated, and maintained a retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

2.    On September 2, 2023 and at all times relevant hereto, the defendant was licensed to do business in Connecticut and marketed and sold 32-ounce Swing Drinking Bottles to the public which were marketed as a "Target Brand", and with the reasonable expectation that such product would be used within the State of Connecticut (hereinafter "the product").

3.    On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and on said date purchased two of the aforesaid product from defendant Target.

4

4.      On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

5.      At said time and place, the plaintiff went to grab one of the aforementioned Swing Drinking Bottles from her refrigerator when suddenly and without warning the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg.

6.      The damages, losses and injuries sustained by the plaintiff were caused as a direct and proximate result of the negligence, carelessness, and heedlessness of the defendant, in that it sold:

(a)      a product that was dangerously defective in that it did not contain adequate warnings;

(b)      a product for which the defendant failed to adequately instruct, train, and/or warn the plaintiff regarding its risks, hazards, and/or dangers despite the foreseeability of harm;

(c)      a product for which the defendant failed to adequately warn, instruct, and/or train the person best able to take precautions against the potential harm;

(d)      a product the defendant failed to adequately inspect or test, including the 32-ounce Swing Drinking Bottle;

(e)      a product the defendant failed to confirm was safe for use by the plaintiff, as more fully set forth herein;

(f)      a product the defendant failed to ensure the plaintiff had received adequate instruction to use safely;

(g)      a product that was defective in its manufacture;

(h)      a product that was defective in its construction;

(i)      a product that was defective in its design;

(j)      a product that was dangerously defective in that it was not capable of enduring reasonable and expected temperatures;

(k)      a product the defendant failed to adequately inspect or test before providing it to the plaintiff;

(l)      a product that lacked adequate safety protection for foreseeable users, such as the plaintiff;

(m)    a product provided without safety guards and/or a design that would have prevented the plaintiff's injury, even though such safeguards were known to the defendant;

(n)    a product the defendant failed to confirm had its safety and performance properly verified;

(o)    a product that employed materials the defendant knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's    use; and/or

(p)    a product for which the defendant failed to warn consumers of dangers associated with its use, specifically with respect to potential effects on the bottle's durability  based on changing temperatures.

7.    One or more of the above negligent acts were a substantial factor in causing the plaintiff

to suffer serious and painful injuries, including but limited to the following, some or all of which may be

permanent in nature:

(a)    left leg laceration and permanent scarring;

(b)    injury to the muscular structure of the left leg; and

(c)    left knee injury.

8.    To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency

medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and

prescription pain-killing medication.

9.    In addition, she suffered and will continue to suffer great physical and mental pain and

has been and will be in the future unable to participate in many of the activities in which she engaged

prior to the accident.

10.    By reason of the defendant's negligent acts, the plaintiff was required to spend substantial

sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her

injuries.

11.    As a further result of the defendant's negligent acts, as aforesaid, the plaintiff has and

will in the future suffer from a fear of a future disability.

**COUNT THREE:    As to Shandong Excel Light Industrial Products Co., Ltd –
C.G.S. Section 52-572m et seq.**

1.       This action is brought as a product liability claim pursuant to Connecticut General

Statutes Chapter 925, Section 52-572m, et. seq.

2.       On September 2, 2023, and at all relevant times herein, Shandong Excel Light Industrial

Products Co., Ltd (hereinafter the "defendant" in Counts Three and Four) manufactured 32-ounce Swing

Drinking Bottles to be sold as a "Target Brand" product and at a retail store known as "Target," located

at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

3.       On September 2, 2023, and at all times relevant hereto, the defendant was a China-based

company which marketed and sold 32-ounce Swing Drinking Bottles to the public with the reasonable

expectation that such equipment would be used within the State of Connecticut.

4.       At all times relevant hereto, the defendant was a product seller within Connecticut's

Product Liability Act (CPLA) as defined in Section 52-572m(a) of the Connecticut General Statutes.

5.       On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business

invitee upon the premises and made an agreement with the defendant to purchase two 32-ounce Swing

Drinking Bottles from Target.

6.       On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment

located in New Haven, Connecticut.

7.       On October 13, 2023, the plaintiff went to grab one of the aforementioned Swing

Drinking Bottles (hereinafter "the product") from her refrigerator when suddenly and without warning

the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg,

requiring stitches.

8.       The 32-ounce Swing Drinking Bottle was placed into the stream of commerce by the

defendant with the expectation that it would reach consumers without substantial change in its condition

prior to use by the plaintiff.

7

9.      The 32-ounce Swing Drinking Bottle which was placed into the stream of commerce by

the defendant was unreasonably dangerous in that it was sold and/or delivered to the plaintiff without

adequate warning, instruction and/or training for its safe use by the plaintiff.

10.     The injuries sustained by the plaintiff were caused by and are the responsibility of the

defendant for one or more of the following reasons in that the defendant:

(a)     released into the stream of commerce a product that was dangerously defective in
        that it did not contain adequate warnings in violation of Conn. Gen. Stat. Sec. 52-
        572q(a);

(b)     released into the stream of commerce a product although the defendant failed to
        adequately instruct, train and/or warn the plaintiff regarding its risks, hazards and/or
        dangers despite the foreseeability of harm in violation of Conn. Gen. Stat. Sec. 52-
        572q(b)(2);

(c)     released into the stream of commerce a product although the defendant failed to
        adequately warn, instruct and/or train the person best able to take precautions
        against the potential harm in violation of Conn. Gen. Stat. Sec. 52-572q(d);

(d)     released into the stream of commerce a product although the defendant failed to
        adequately inspect or test the 32-ounce Swing Drinking Bottle;

(e)     released into the stream of commerce a product although the defendant failed to
        confirm that the 32-ounce Swing Drinking Bottle sold to the plaintiff, as more fully
        set forth herein, was safe for use by her;

(f)     failed to confirm that the plaintiff had received adequate instruction;

(g)     released into the stream of commerce a product that was defective in its
        manufacture;

(h)     released into the stream of commerce a product that was defective in its
        construction;

(i)     released into the stream of commerce a product that was defective in its design;

(j)     released into the stream of commerce a product that was dangerously defective in
        that it was not capable of enduring reasonable and expected temperatures;

(k)     released into the stream of commerce a product although the defendant failed to
        adequately inspect or test it;

(l)     released into the stream of commerce a product which lacked adequate safety
        protection for foreseeable users, such as the plaintiff;

8

(m)     released into the stream of commerce a product without safety guards and/or a design which would have prevented the injury sustained by the plaintiff even though such safeguards were known to the defendant;

(n)     released into the stream of commerce a product although the defendant failed to confirm that the safety and performance of the product was verified;

(o)     released into the stream of commerce a product which employed materials it knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's use;

(p)     released into the stream of commerce a product although the defendant failed to warn consumers of dangers associated with using the 32-ounce Swing Drinking Bottle, specifically with respect to potential effects on said bottles' durability based on changing temperature.

11.     One or more of the above violations of the CPLA were a substantial factor in causing the

plaintiff to suffer serious and painful injuries, including but limited to the following, some or all of

which may be permanent in nature:

(a)     left leg laceration and permanent scarring;

(b)     injury to the muscular structure of the left leg; and/or

(c)     left knee injury.

12.     The plaintiff was a reasonably foreseeable user on October 13, 2023 of the defendant's

defective product in that the product was sold and/or manufactured in an unreasonably dangerous

condition and without adequate warnings and/or instruction and/or training to the plaintiff, thereby

creating a direct risk of injury to the plaintiff.

13.     To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency

medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and

prescription pain-killing medication.

14.     In addition, she suffered and will continue to suffer great physical and mental pain and

has been and will be in the future unable to participate in many of the activities in which she engaged

prior to the accident.

9

15.     By reason of the defective conditions of the defendant's product, the plaintiff was required to spend substantial sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her injuries.

16.     As a further result of the defective conditions of the defendant's product, as aforesaid, the plaintiff has and will in the future suffer from a fear of a future disability.

**COUNT FOUR:      As to Shandong Excel Light Industrial Products Co., Ltd –**
**                 The Alternative, Negligence Other Than under C.G.S. Section 52-**
**                 572m et seq.**

1.     On September 2, 2023, and at all relevant times herein, Shandong Excel Light Industrial Products Co., Ltd (hereinafter the "defendant") was a manufacturer for Target Enterprise, Inc. and manufactured 32-ounce Swing Drinking Bottles to be sold at the retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

2.     On September 2, 2023, and at all times relevant hereto, the defendant was a China-based company which marketed and sold 32-ounce Swing Drinking Bottles to the public with the reasonable expectation that such equipment would be used within the State of Connecticut.

3.     On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and made an agreement with the defendant to purchase two 32-ounce Swing Drinking Bottles from Target.

4.     On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

5.     On October 13, 2023, the plaintiff went to grab one of the aforementioned Swing Drinking Bottles (hereinafter "the product") from her refrigerator when suddenly and without warning the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg, requiring stitches.

10

6.     The damages, losses and injuries sustained by the plaintiff were caused as a direct and

proximate result of the negligence, carelessness, and heedlessness of the defendant, in that it

manufactured:

sold:

(a)     a product that was dangerously defective in that it did not contain adequate
warnings;

(b)     a product for which the defendant failed to adequately instruct, train, and/or warn
the plaintiff regarding its risks, hazards, and/or dangers despite the foreseeability of
harm;

(c)     a product for which the defendant failed to adequately warn, instruct, and/or train
the person best able to take precautions against the potential harm;

(d)     a product the defendant failed to adequately inspect or test, including the 32-
ounce Swing Drinking Bottle;

(e)     a product the defendant failed to confirm was safe for use by the plaintiff, as more
fully set forth herein;

(f)     a product the defendant failed to ensure the plaintiff had received adequate
instruction to use safely;

(g)     a product that was defective in its manufacture;

(h)     a product that was defective in its construction;

(i)     a product that was defective in its design;

(j)     a product that was dangerously defective in that it was not capable of enduring
reasonable and expected temperatures;

(k)     a product the defendant failed to adequately inspect or test before providing it to
the plaintiff;

(l)     a product that lacked adequate safety protection for foreseeable users, such as the
plaintiff;

(m)     a product provided without safety guards and/or a design that would have
prevented the plaintiff's injury, even though such safeguards were known to the
defendant;

(n)     a product the defendant failed to confirm had its safety and performance properly verified;

(o)     a product that employed materials the defendant knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's     use;

(p)     a product for which the defendant failed to warn consumers of dangers associated with its use, specifically with respect to potential effects on the bottle's durability  based on changing temperatures.

7.     One or more of the above negligent acts were a substantial factor in causing the plaintiff

to suffer serious and painful injuries, including but limited to the following, some or all of which may be

permanent in nature:

(a)     left leg laceration and permanent scarring;

(b)     injury to the muscular structure of the left leg; and/or

(c)     left knee injury.

8.     To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency

medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and

prescription pain-killing medication.

9.     In addition, she suffered and will continue to suffer great physical and mental pain and

has been and will be in the future unable to participate in many of the activities in which she engaged

prior to the accident.

10.     By reason of the defendant's negligent acts, the plaintiff was required to spend substantial

sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her

injuries.

11.     As a further result of the defendant's negligent acts, as aforesaid, the plaintiff has and

will in the future suffer from a fear of a future disability.

**WHEREFORE**, the plaintiff respectfully prays for:

1.    Fair, just and reasonable compensatory damages;

2.    Such other relief as the Court may deem equitable.

THE PLAINTIFF,

By

James M. Harrington
Polito & Harrington, LLC
567 Vauxhall Street Ext. suite 230
Waterford, CT 06385
Phone 860-447-3300
Fax 860-447-3389
Juris No. 420119

13

| RETURN DATE: NOVEMBER 4, 2025 | : | SUPERIOR COURT |
|---|---|---|
| NICOLE MAIR | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| TARGET ENTERPRISE, INC. AND SHANDONG EXCEL LIGHT INDUSTRIAL PRODUCTS CO., LTD | : | SEPTEMBER 9, 2025 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of attorney's fees, costs and interest, is in excess of Fifteen

Thousand Dollars ($15,000.00).

THE PLAINTIFF,

By:

James M. Harrington
Polito & Harrington, LLC
567 Vauxhall Street Ext. suite 230
Waterford, CT  06385
Phone 860-447-3300
Fax 860-447-3389
Juris No. 420119

14

OFFICER'S RETURN TO COURT

State of Connecticut  )
                      )      ss. Manchester          September 17, 2025
County of Hartford    )

Then and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant, TARGET ENTERPRISE, INC., by leaving a verified true and attested copy of the within original **Writ, Summons, Complaint, and Statement of Amount in Demand** with and in the hands of Marissa Titus, person in charge of C T Corporation System, Statutory Registered Agent for Service and duly authorized to accept service on behalf of the within named defendant, TARGET ENTERPRISE, INC., at 357 East Center Street, Suite 2J, in the Town of Manchester.

I was instructed to serve only the above-named defendant.

The within is the original **Writ, Summons, Complaint, and Statement of Amount in Demand** with my doings hereon endorsed.

Attest:

Elizabeth J. Ostrowski
Connecticut State Marshal
Hartford County

Fees:
Service          $  50.00
Verified Pages   $  16.00
Travel           $  20.17
Endorsements     $   2.00
TOTAL            $  88.17

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
P.O. Box 1219, GLASTONBURY, CT 06033-1219 • (860) 965-8463

# **EXHIBIT B**

9

**APPEARANCE**
JD-CL-12  Rev. 2-25
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date *(For Civil/Family cases)* |
|---|
| **Nov-04-2025** |
| Docket Number |
| **NNH-CV-25-6161204-S** |

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**MAIR, NICOLE  v. TARGET ENTERPRISE, INC. Et Al**

| Housing Session | Judicial District | Geographic Area | Address of court *(Number, street, town and zip code)* | Scheduled court date *(Criminal/Motor Vehicle cases only)* |
|---|---|---|---|---|
| ☐ | ☒ | ☐ | **235 CHURCH STREET NEW HAVEN, CT 06510** | |

## Enter the Appearance of

| Name *(Your name or name of official, firm, professional corporation, or individual attorney)* | Juris number *(For attorney/law firm)* |
|---|---|
| **MORRISON MAHONEY LLP** | **404459** |

| Mailing address | Post Office box number | Telephone number *(Area code first)* |
|---|---|---|
| **ONE CONSTITUTION PLAZA 10TH FLOOR** | | **860-616-4441** |

| City/town | State | Zip code | Fax number | E-mail address |
|---|---|---|---|---|
| **HARTFORD** | **CT** | **06103** | | **pday@morrisonmahoney.com** |

in the case named above for: *(Select one of the following parties)*

**PLAINTIFF**
☐ The Plaintiff.
☐ All Plaintiffs.
☐ The following Plaintiff(s) only:
_____

**DEFENDANT**
☐ The Defendant.
☒ All Defendants.
☐ The following Defendant(s) only:
_____

☐ **Other** *(Specify):* _____

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
   ☐ matters in the Family Division of the Superior Court    ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender **or** ☐ Assigned Counsel
☐ This appearance is for the purpose of a bail hearing only.                                                            *(Special Public Defender)*
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: _____
                                                         *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

I agree that documents can be delivered (served) to me electronically in this case. ☒ Yes  ☐ No
*Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)*

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| **418216** | **PATRICK JOHN DAY** | **Oct 16 2025** |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* ____Oct 16 2025____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

*FOR COURT USE ONLY*

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**POLITO & HARRINGTON LLC - 567 VAUXHALL STREET EXT/SUITE 230/WATERFORD, CT 06385**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed |
|---|---|---|
| *418216* | **PATRICK JOHN DAY** | **Oct 16 2025** |

**Continuation of JDCL12 Appearance Form for NNH-CV-25-6161204-S**

**Submitted By MORRISON MAHONEY LLP (404459)**

**Additional Party(ies) (Continued from JDCL12)**

**For these party(ies)**

Pty# D-01 TARGET ENTERPRISE, INC.

Pty# D-02 SHANDONG EXCEL LIGHT INDUSTRIAL PRODUCTS CO., LTD.

**\*\*\*\*\* End of Party List \*\*\*\*\***





**State of Connecticut Judicial Branch**
# Superior Court E-Filing

---

**Attorney/Firm:** MORRISON MAHONEY LLP (404459)          **E-Mail:** KCUNNINGHAM@MORRISONMAHONEY.COM    Logout

NNH-CV25-6161204-S        **MAIR, NICOLE v. TARGET ENTERPRISE, INC. Et Al**

**Prefix/Suffix:** [none]     **Case Type:** T20          **File Date:** 10/07/2025          **Return Date:** 11/04/2025

---

**Hide Instructions**                    **You have successfully e-filed!**

**Instructions**: Information about this filing is provided on this page, including the date and time of this transaction and the filing date. Please select the **Print** button to print a copy of this Confirmation. Then, select the **Return to Superior Court E-Filing Menu** if you wish to do additional e-filing or **Logout** if you are finished filing.

[ Print ]

### Confirmation of E-filed Transaction (print this page for your records)

**Docket Number:** NNH-CV-25-6161204-S
**Case Name:** MAIR, NICOLE v. TARGET ENTERPRISE, INC.
**Type of Transaction:** Appearance
**Date Filed:** Oct 16 2025
**Appearance by:** 404459 MORRISON MAHONEY LLP
**Appearance for this Party(ies)**

| Party # | Party Name |
|---------|-----------|
| D-01 | TARGET ENTERPRISE, INC. |
| D-02 | SHANDONG EXCEL LIGHT INDUSTRIAL PRODUCTS CO., LTD. |

**Document Filed:** JD-CL-12 Appearance
**Date and Time of Transaction:** Oct 16 2025 1:59:10 PM

[ Return to Civil / Family Menu ]

Copyright © 2025, State of Connecticut Judicial Branch

# **EXHIBIT C**

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

DOCKET NO.: NNH-CV25-6161204-S    :  SUPERIOR COURT

NICOLE MAIR    :  JUDICIAL DISTRICT OF NEW HAVEN

v.    :  AT NEW HAVEN

TARGET ENTERPRISE, INC., ET AL.    :  OCTOBER 16, 2025

## **NOTICE OF FILING OF REMOVAL TO FEDERAL COURT**

Pursuant to 28 U.S.C. §1446(d), the undersigned, on behalf of the undersigned Defendants, Target Enterprise, Inc., hereby provides notice that it will file a Notice of Removal of this action in and to the United States District Court for the District of Connecticut. A copy of the Notice of Removal is attached hereto as Exhibit "A".

According to 28 U.S.C. § 1446(d), this notice hereby effectuates removal of this action thereby preventing any further action in the Superior Court.

DEFENDANT,
TARGET ENTERPRISE, INC.  AND
SHANDONG EXCEL LIGHT
INDUSTRIAL PRODUCTS CO., LTD


By:  /s/ *Patrick J. Day*
Patrick J. Day
pday@morrisonmahoney.com
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone:   860-616-4441
Fax:       860-244-3800

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the above was mailed or electronically delivered on October 16, 2025 to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who were electronically served:

James M. Harrington, Esq.
Polito & Harrington, LLC
567 Vauxhall Street Ext.
Suite 239
Waterford, CT 06385
Eservice: info@politolaw.com

By:  /s/ *Patrick J. Day*
        Patrick J. Day

 

**State of Connecticut Judicial Branch**
**Superior Court E-Filing**

**Attorney/Firm:** MORRISON MAHONEY LLP (404459)        **E-Mail:** KCUNNINGHAM@MORRISONMAHONEY.COM    Logout

<u>Hide Instructions</u>                    **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

[ Print This Page ]

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | <u>NNH-CV-25-6161204-S</u> |
| **Case Name:** | MAIR, NICOLE v. TARGET ENTERPRISE, INC. Et Al |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Oct-16-2025 |
| **Motion/Pleading by:** | MORRISON MAHONEY LLP (404459) |
| **Document Filed:** | 103.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| | |
| **Date and Time of Transaction:** | Thursday, October 16, 2025 2:33:24 PM |

[ E-File Another Pleading/Motion/Other document on this Case ]

[ Return to Civil / Family Menu ]    [ Return to Case Detail ]

Copyright © 2025, State of Connecticut Judicial Branch