UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE MAIR | CIVIL ACTION NO.: 3:25-1748-SVN |
|   Plaintiff | |
| V. | |
| TARGET CORPORATION. AND | |
| SHANDONG EXCEL LIGHT INDUSTRIAL | |
| PRODUCTS CO., LTD. | OCTOBER 22, 2025 |
|      Defendants | |

## AMENDED COMPLAINT

**COUNT ONE:**     **As to Target Corporation. – C.G.S. Section 52-572m et seq.**

1. This action is brought as a product liability claim pursuant to Connecticut General Statutes Chapter 925, Section 52-572m, <u>et. seq</u>.

2. On September 2, 2023, and at all relevant times herein, Target Corporation (hereinafter the "defendant") owned, operated, and maintained a retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

3. On September 2, 2023 and at all times relevant hereto, the defendant was licensed to do business in Connecticut and marketed and sold 32-ounce Swing Drinking Bottles to the public which were marketed as a "Target Brand", and with the reasonable expectation that such product would be used within the State of Connecticut (hereinafter "the product").

4. At all times relevant hereto, the defendant was a product seller within Connecticut's Product Liability Act (CPLA) as defined in Section 52-572m(a) of the Connecticut General Statutes.

1

5. On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and on said date purchased two of the aforesaid product from defendant Target.

6. On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

7. At said time and place, the plaintiff went to grab one of the aforementioned Swing Drinking Bottles from her refrigerator when suddenly and without warning the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg.

8. The 32-ounce Swing Drinking Bottle was placed into the stream of commerce by the defendant with the expectation that it would reach consumers without substantial change in its condition prior to use by the plaintiff.

9. The 32-ounce Swing Drinking Bottle which was placed into the stream of commerce by the defendant was unreasonably dangerous in that it was sold and/or delivered to the plaintiff without adequate safeguards or warnings for its safe use by the plaintiff.

10. The injuries sustained by the plaintiff were caused by and are the responsibility of the defendant for one or more of the following reasons in that the defendant:

(a) released into the stream of commerce a product that was dangerously defective in that it did not contain adequate warnings in violation of Conn. Gen. Stat. Sec. 52-572q(a);

(b) released into the stream of commerce a product although the defendant failed to adequately instruct, train and/or warn the plaintiff regarding its risks, hazards and/or dangers despite the foreseeability of harm in violation of Conn. Gen. Stat. Sec. 52-572q(b)(2);

(c) released into the stream of commerce a product although the defendant failed to adequately warn, instruct and/or train the person best able to take precautions against the potential harm in violation of Conn. Gen. Stat. Sec. 52-572q(d);

(d) released into the stream of commerce a product although the defendant failed to adequately inspect or test the 32-ounce Swing Drinking Bottle;

 (e) released into the stream of commerce a product although the defendant failed to confirm that the 32-ounce Swing Drinking Bottle sold to the plaintiff, as more fully set forth herein, was safe for use by her;

 (f) failed to confirm that the plaintiff had received adequate instruction;

 (g) released into the stream of commerce a product that was defective in its manufacture;

 (h) released into the stream of commerce a product that was defective in its construction;

 (i) released into the stream of commerce a product that was defective in its design;

 (j) released into the stream of commerce a product that was dangerously defective in that it was not capable of enduring reasonable and expected temperatures;

 (k) released into the stream of commerce a product although the defendant failed to adequately inspect or test it;

 (l) released into the stream of commerce a product which lacked adequate safety protection for foreseeable users, such as the plaintiff;

 (m) released into the stream of commerce a product without safety guards and/or a design which would have prevented the injury sustained by the plaintiff even though such safeguards were known to the defendant;

 (n) released into the stream of commerce a product although the defendant failed to confirm that the safety and performance of the product was verified;

 (o) released into the stream of commerce a product which employed materials it knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's use; and/or

 (p) released into the stream of commerce a product although the defendant failed to warn consumers of dangers associated with using the 32-ounce Swing Drinking Bottle, specifically with respect to potential effects on said bottles' durability based on changing temperature.

11. One or more of the above violations of the CPLA were a substantial factor in causing the plaintiff to suffer serious and painful injuries, including but limited to the following, some or all of which may be permanent in nature:

 (a) left leg laceration and permanent scarring;

 (b) injury to the muscular structure of the left leg; and

 (c) left knee injury.

12. The plaintiff was a reasonably foreseeable user of the defendant's defective product in that the product was sold and/or manufactured in an unreasonably dangerous condition and without adequate warnings and/or instruction and/or training to the plaintiff, thereby creating a direct risk of injury to the plaintiff.

13. To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency medical treatment, stitches, follow-up treatment, orthopedic care, radiological exams, physical therapy, and prescription pain-killing medication.

14. In addition, she suffered and will continue to suffer great physical and mental pain and has been and will be in the future unable to participate in many of the activities in which she engaged prior to the accident.

15. By reason of the defective conditions of the defendant's product, the plaintiff was required to spend substantial sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her injuries.

16. As a further result of the defective conditions of the defendant's product, as aforesaid, the plaintiff has and will in the future suffer from a fear of a future disability.

**COUNT TWO:** **As to Target Corporation– In The Alternative, Negligence Other Than under C.G.S. Section 52-572m et seq.**

1. On September 2, 2023, and at all relevant times herein, Target Corporation (hereinafter the "defendant") owned, operated, and maintained a retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

2. On September 2, 2023 and at all times relevant hereto, the defendant was licensed to do business in Connecticut and marketed and sold 32-ounce Swing Drinking Bottles to the public which were marketed as a "Target Brand", and with the reasonable expectation that such product would be used within the State of Connecticut (hereinafter "the product").

    3.       On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and on said date purchased two of the aforesaid product from defendant Target.

    4.       On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

    5.       At said time and place, the plaintiff went to grab one of the aforementioned Swing Drinking Bottles from her refrigerator when suddenly and without warning the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg.

    6.       The damages, losses and injuries sustained by the plaintiff were caused as a direct and proximate result of the negligence, carelessness, and heedlessness of the defendant, in that it sold:

(a) a product that was dangerously defective in that it did not contain adequate warnings;

(b) a product for which the defendant failed to adequately instruct, train, and/or warn the plaintiff regarding its risks, hazards, and/or dangers despite the foreseeability of harm;

(c) a product for which the defendant failed to adequately warn, instruct, and/or train the person best able to take precautions against the potential harm;

(d) a product the defendant failed to adequately inspect or test, including the 32-ounce Swing Drinking Bottle;

(e) a product the defendant failed to confirm was safe for use by the plaintiff, as more fully set forth herein;

(f) a product the defendant failed to ensure the plaintiff had received adequate instruction to use safely;

(g) a product that was defective in its manufacture;

(h) a product that was defective in its construction;

(i) a product that was defective in its design;

(j) a product that was dangerously defective in that it was not capable of enduring reasonable and expected temperatures;

    (k)    a product the defendant failed to adequately inspect or test before providing it to the plaintiff;

    (l)    a product that lacked adequate safety protection for foreseeable users, such as the plaintiff;

    (m)    a product provided without safety guards and/or a design that would have prevented the plaintiff's injury, even though such safeguards were known to the defendant;

    (n)    a product the defendant failed to confirm had its safety and performance properly verified;

    (o)    a product that employed materials the defendant knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's use; and/or

    (p)    a product for which the defendant failed to warn consumers of dangers associated with its use, specifically with respect to potential effects on the bottle's durability based on changing temperatures.

    7.    One or more of the above negligent acts were a substantial factor in causing the plaintiff to suffer serious and painful injuries, including but limited to the following, some or all of which may be permanent in nature:

    (a)    left leg laceration and permanent scarring;

    (b)    injury to the muscular structure of the left leg; and

    (c)    left knee injury.

    8.    To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and prescription pain-killing medication.

    9.    In addition, she suffered and will continue to suffer great physical and mental pain and has been and will be in the future unable to participate in many of the activities in which she engaged prior to the accident.

10. By reason of the defendant's negligent acts, the plaintiff was required to spend substantial sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her injuries.

11. As a further result of the defendant's negligent acts, as aforesaid, the plaintiff has and will in the future suffer from a fear of a future disability.

**COUNT THREE:    As to Shandong Excel Light Industrial Products Co., Ltd –
C.G.S. Section 52-572m et seq.**

1. This action is brought as a product liability claim pursuant to Connecticut General Statutes Chapter 925, Section 52-572m, et. seq.

2. On September 2, 2023, and at all relevant times herein, Shandong Excel Light Industrial Products Co., Ltd (hereinafter the "defendant" in Counts Three and Four) manufactured 32-ounce Swing Drinking Bottles to be sold as a "Target Brand" product and at a retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

3. On September 2, 2023, and at all times relevant hereto, the defendant was a China-based company which marketed and sold 32-ounce Swing Drinking Bottles to the public with the reasonable expectation that such equipment would be used within the State of Connecticut.

4. At all times relevant hereto, the defendant was a product seller within Connecticut's Product Liability Act (CPLA) as defined in Section 52-572m(a) of the Connecticut General Statutes.

5. On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and made an agreement with the defendant to purchase two 32-ounce Swing Drinking Bottles from Target.

6. On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

7. On October 13, 2023, the plaintiff went to grab one of the aforementioned Swing Drinking Bottles (hereinafter "the product") from her refrigerator when suddenly and without warning

7

the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg, requiring stitches.

8. The 32-ounce Swing Drinking Bottle was placed into the stream of commerce by the defendant with the expectation that it would reach consumers without substantial change in its condition prior to use by the plaintiff.

9. The 32-ounce Swing Drinking Bottle which was placed into the stream of commerce by the defendant was unreasonably dangerous in that it was sold and/or delivered to the plaintiff without adequate warning, instruction and/or training for its safe use by the plaintiff.

10. The injuries sustained by the plaintiff were caused by and are the responsibility of the defendant for one or more of the following reasons in that the defendant:

   (a) released into the stream of commerce a product that was dangerously defective in that it did not contain adequate warnings in violation of Conn. Gen. Stat. Sec. 52-572q(a);

   (b) released into the stream of commerce a product although the defendant failed to adequately instruct, train and/or warn the plaintiff regarding its risks, hazards and/or dangers despite the foreseeability of harm in violation of Conn. Gen. Stat. Sec. 52-572q(b)(2);

   (c) released into the stream of commerce a product although the defendant failed to adequately warn, instruct and/or train the person best able to take precautions against the potential harm in violation of Conn. Gen. Stat. Sec. 52-572q(d);

   (d) released into the stream of commerce a product although the defendant failed to adequately inspect or test the 32-ounce Swing Drinking Bottle;

   (e) released into the stream of commerce a product although the defendant failed to confirm that the 32-ounce Swing Drinking Bottle sold to the plaintiff, as more fully set forth herein, was safe for use by her;

   (f) failed to confirm that the plaintiff had received adequate instruction;

   (g) released into the stream of commerce a product that was defective in its manufacture;

   (h) released into the stream of commerce a product that was defective in its construction;

   (i) released into the stream of commerce a product that was defective in its design;

(j) released into the stream of commerce a product that was dangerously defective in that it was not capable of enduring reasonable and expected temperatures;

(k) released into the stream of commerce a product although the defendant failed to adequately inspect or test it;

(l) released into the stream of commerce a product which lacked adequate safety protection for foreseeable users, such as the plaintiff;

(m) released into the stream of commerce a product without safety guards and/or a design which would have prevented the injury sustained by the plaintiff even though such safeguards were known to the defendant;

(n) released into the stream of commerce a product although the defendant failed to confirm that the safety and performance of the product was verified;

(o) released into the stream of commerce a product which employed materials it knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's use;

(p) released into the stream of commerce a product although the defendant failed to warn consumers of dangers associated with using the 32-ounce Swing Drinking Bottle, specifically with respect to potential effects on said bottles' durability based on changing temperature.

11. One or more of the above violations of the CPLA were a substantial factor in causing the plaintiff to suffer serious and painful injuries, including but limited to the following, some or all of which may be permanent in nature:

(a) left leg laceration and permanent scarring;

(b) injury to the muscular structure of the left leg; and/or

(c) left knee injury.

12. The plaintiff was a reasonably foreseeable user on October 13, 2023 of the defendant's defective product in that the product was sold and/or manufactured in an unreasonably dangerous condition and without adequate warnings and/or instruction and/or training to the plaintiff, thereby creating a direct risk of injury to the plaintiff.

13. To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and prescription pain-killing medication.

14. In addition, she suffered and will continue to suffer great physical and mental pain and has been and will be in the future unable to participate in many of the activities in which she engaged prior to the accident.

15. By reason of the defective conditions of the defendant's product, the plaintiff was required to spend substantial sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her injuries.

16. As a further result of the defective conditions of the defendant's product, as aforesaid, the plaintiff has and will in the future suffer from a fear of a future disability.

**COUNT FOUR:**     **As to Shandong Excel Light Industrial Products Co., Ltd – The Alternative, Negligence Other Than under C.G.S. Section 52-572m et seq.**

1. On September 2, 2023, and at all relevant times herein, Shandong Excel Light Industrial Products Co., Ltd (hereinafter the "defendant") was a manufacturer for Target Enterprise, Inc. and manufactured 32-ounce Swing Drinking Bottles to be sold at the retail store known as "Target," located at 20 W Main Street in Ansonia, Connecticut (hereinafter the "premises").

2. On September 2, 2023, and at all times relevant hereto, the defendant was a China-based company which marketed and sold 32-ounce Swing Drinking Bottles to the public with the reasonable expectation that such equipment would be used within the State of Connecticut.

3. On September 2, 2023, Nicole Mair (hereinafter the "plaintiff") was a lawful business invitee upon the premises and made an agreement with the defendant to purchase two 32-ounce Swing Drinking Bottles from Target.

4. On October 13, 2023, at approximately 4:20 p.m., the plaintiff was at her apartment located in New Haven, Connecticut.

5. On October 13, 2023, the plaintiff went to grab one of the aforementioned Swing Drinking Bottles (hereinafter "the product") from her refrigerator when suddenly and without warning

the bottle exploded, causing shards of glass to shoot toward the plaintiff and lacerate her left leg, requiring stitches.

6. The damages, losses and injuries sustained by the plaintiff were caused as a direct and proximate result of the negligence, carelessness, and heedlessness of the defendant, in that it manufactured:

sold:

(a) a product that was dangerously defective in that it did not contain adequate warnings;

(b) a product for which the defendant failed to adequately instruct, train, and/or warn the plaintiff regarding its risks, hazards, and/or dangers despite the foreseeability of harm;

(c) a product for which the defendant failed to adequately warn, instruct, and/or train the person best able to take precautions against the potential harm;

(d) a product the defendant failed to adequately inspect or test, including the 32-ounce Swing Drinking Bottle;

(e) a product the defendant failed to confirm was safe for use by the plaintiff, as more fully set forth herein;

(f) a product the defendant failed to ensure the plaintiff had received adequate instruction to use safely;

(g) a product that was defective in its manufacture;

(h) a product that was defective in its construction;

(i) a product that was defective in its design;

(j) a product that was dangerously defective in that it was not capable of enduring reasonable and expected temperatures;

(k) a product the defendant failed to adequately inspect or test before providing it to the plaintiff;

(l) a product that lacked adequate safety protection for foreseeable users, such as the plaintiff;

    (m)    a product provided without safety guards and/or a design that would have prevented the plaintiff's injury, even though such safeguards were known to the defendant;

    (n)    a product the defendant failed to confirm had its safety and performance properly verified;

    (o)    a product that employed materials the defendant knew or should have known would lead to failure given the nature of the 32-ounce Swing Drinking Bottle's use;

    (p)    a product for which the defendant failed to warn consumers of dangers associated with its use, specifically with respect to potential effects on the bottle's durability based on changing temperatures.

7. One or more of the above negligent acts were a substantial factor in causing the plaintiff to suffer serious and painful injuries, including but limited to the following, some or all of which may be permanent in nature:

    (a)    left leg laceration and permanent scarring;

    (b)    injury to the muscular structure of the left leg; and/or

    (c)    left knee injury.

8. To treat these injuries, the plaintiff was required to seek ambulatory transport, emergency medical treatment, follow-up treatment, orthopedic care, radiological exams, physical therapy, and prescription pain-killing medication.

9. In addition, she suffered and will continue to suffer great physical and mental pain and has been and will be in the future unable to participate in many of the activities in which she engaged prior to the accident.

10. By reason of the defendant's negligent acts, the plaintiff was required to spend substantial sums of money for the medical care, services, treatment, x-rays, drugs, and devices necessitated by her injuries.

11. As a further result of the defendant's negligent acts, as aforesaid, the plaintiff has and will in the future suffer from a fear of a future disability.

12

**WHEREFORE**, the plaintiff respectfully prays for:

1. Fair, just and reasonable compensatory damages;

2. Such other relief as the Court may deem equitable.

                                                              THE PLAINTIFF,

                                                              By: _____
                                                              James M. Harrington
                                                              Polito & Harrington, LLC
                                                             567 Vauxhall Street Ext. suite 230
                                                              Waterford, CT  06385
                                                              Phone 860-447-3300
                                                              Fax 860-447-3389
                                                              Juris No. 420119

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of attorney's fees, costs and interest, is in excess of Fifteen Thousand Dollars ($15,000.00).

THE PLAINTIFF,

By: _____
James M. Harrington
Polito & Harrington, LLC
567 Vauxhall Street Ext. suite 230
Waterford, CT  06385
Phone 860-447-3300
Fax 860-447-3389
Juris No. 420119