**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NICOLE MAIR, | CIVIL ACTION NO.: 3:25-CV-01748-SVN |
| Plaintiffs, | |
| v. | |
| TARGET CORPORATION, ET AL., | Date: December 9, 2025 |
| Defendants. | |

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Target Corporation ("Target") and Shangdong Excel Light Industrial Products Co., LTD ("Shangdong") hereinafter collectively referred to as "Defendants" unless named individually, and by and through counsel, hereby answer Plaintiff's, Nicole Mair, Second Amended Complaint, Docket Entry No. 27, dated November 25, 205 as follows:

**Count One: (As to Target Corporation—Conn. Gen. Stat. § 52-572m et seq.)**

1. Paragraph 1 of the Amended Complaint constitutes a legal conclusion for which no response is required. To the extent Paragraph 1 contains any factual allegations against Defendants, Defendants are without knowledge of information sufficient to form a belief and, therefore, leave Plaintiff to her proof.

2. Defendants admit the allegations contained in Paragraph 2.

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

3. Defendants admit that "On September 2, 2023 and at all times relevant hereto, the defendant was licensed to do business in Connecticut and marketed and sold 32-ounce Swing Drinking Bottles to the public which were marketed as a 'Target Brand'." As for the remaining allegations contained within Paragraph 3, Defendants are without knowledge of information sufficient to form a belief and, therefore, leave Plaintiff to her proof.

4. Defendants admit the allegations contained in Paragraph 4.

5. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 5, and, therefore, leave Plaintiff to her proof.

6. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 6, and, therefore, leave Plaintiff to her proof.

7. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 7, and, therefore, leave Plaintiff to her proof.

8. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 8, and, therefore, leave Plaintiff to her proof.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10, including all subparts.

11. Defendants deny the allegation contained in Paragraph 11 which alleges "One or more of the above violations of the CPLA . . . ." As to the remaining allegations contained in Paragraph 11, Defendants deny knowledge or information sufficient to form a belief

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

12. Defendants deny the portion of Paragraph 12, which alleges "that the product was sold and/or manufactured in an unreasonably dangerous condition and without adequate warnings and/or instruction and/or training to the plaintiff, thereby creating a direct risk of injury to the plaintiff." As to the remaining allegations contained in Paragraph 12, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

13. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 13, and, therefore, leave Plaintiff to her proof.

14. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14, and, therefore, leave Plaintiff to her proof.

15. Defendants deny the portion of Paragraph 15 which alleges "By reason of the defective conditions of the defendant's product. . . ." As to the remaining allegations contained in Paragraph 15, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

16. Defendants deny the portion of Paragraph 16 which alleges "As a further result of the defective conditions of the defendant's product . . . ." As to the remaining allegations contained in Paragraph 16, Defendants deny knowledge or information sufficient to form

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

**Count Two:** **(As to Shandong Excel Light Industrial Products Co., Ltd – C.G.S. Section 52-572m et seq.)**

1. Paragraph 1 of the Amended Complaint constitutes a legal conclusion for which no response is required. To the extent Paragraph 1 contains any factual allegations against Defendants, Defendants are without knowledge of information sufficient to form a belief and, therefore, leave Plaintiff to her proof.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit that "On September 2, 2023 the defendant was a China-based company which marketed and sold 32-ounce Swing Drinking Bottles to the public . . . ." As for the remaining allegations contained within Paragraph 3, Defendants are without knowledge of information sufficient to form a belief and, therefore, leave Plaintiff to her proof.

4. Paragraph 4 of the Amended Complaint constitutes a legal conclusion for which no response is required. To the extent Paragraph 4 contains any factual allegations against Defendants, Defendants are without knowledge of information sufficient to form a belief and, therefore, leave Plaintiff to her proof.

5. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 5, and, therefore, leave Plaintiff to her proof.

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

6. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 6, and, therefore, leave Plaintiff to her proof.

7. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 7, and, therefore, leave Plaintiff to her proof.

8. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 8, and, therefore, leave Plaintiff to her proof.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10, including all subparts.

11. Defendants deny the portion of Paragraph 11 which alleges "One or more of the above violations of the CPLA . . . ." As to the remaining allegations contained in Paragraph 11, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

12. Defendants deny the portion of Paragraph 12, which alleges "that the product was sold and/or manufactured in an unreasonably dangerous condition and without adequate warnings and/or instruction and/or training to the plaintiff, thereby creating a direct risk of injury to the plaintiff." As to the remaining allegations contained in Paragraph 12, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

13. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 13, and, therefore, leave Plaintiff to her proof.

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

14. Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14, and, therefore, leave Plaintiff to her proof.

15. Defendants deny the portion of Paragraph 15 which alleges "By reason of the defective conditions of the defendant's product. . . ." As to the remaining allegations contained in Paragraph 15, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

16. Defendants deny the portion of Paragraph 16 which alleges "As a further result of the defective conditions of the defendant's product . . . ." As to the remaining allegations contained in Paragraph 16, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and, therefore, leave Plaintiff to her proof.

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

At the time of the incident, the Plaintiff was misusing the product in question. The product in this action was misused after it left the control of the Defendants, Target Corporation and Shangdong Excel Light Industrial Co., LTD, and the misuse of the product was the actual and proximate cause of the plaintiff's injuries and damages. Therefore, any injuries and/or damages the plaintiff sustained are the result of the misuse and not a product defect.

**Second Affirmative Defense**

The defendants are not responsible for any injuries, damages or losses alleged to have been sustained by the plaintiff which were caused by the misuse of the product and/or failure to have the product properly maintained.

**Third Affirmative Defense**

The defendants are not responsible for any injuries, damages or losses alleged to have been sustained by the plaintiff which were caused by the alteration or modification of the product by a Plaintiff or a third party for whose conduct this Defendant is not responsible.

**Fourth Affirmative Defense**

Some or all of the injuries, losses or damages which the plaintiff may have suffered as a result of the incident(s) alleged in her Complaint were directly and proximately caused by her own comparative and/or contributory negligence which was a substantial factor in producing her

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

claimed injuries and damages. The plaintiff was contributorily negligent in at least one, if not more than one, of the following respects:

a. the plaintiff failed to sufficiently read warning labels attached to the product;

b. the plaintiff failed to take head of warning labels attached to the product;

c. the plaintiff failed to follow the instructions, protocol, and/or guidelines regarding proper handling of the bottle;

d. the plaintiff failed to make reasonable and proper use of her senses and faculties when handling the bottle;

e. the plaintiff failed to take the necessary and proper precautions when handling the bottle

f. the plaintiff failed to exercise due care in handling the product.

The plaintiff's comparative and/or contributory negligence and corresponding damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to the negligence of the plaintiff in accordance with Conn. Gen. Stat. § 52-572o.

8

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1

                                                  DEFENDANTS,
                                                  TARGET CORPORATION AND
                                                  SHANDONG EXCEL LIGHT
                                                  INDUSTRIAL PRODUCTS CO., LTD

                                      By:   /s/ *Patrick J. Day ct21858*
                                                  James L. Brawley
                                                  jbrawley@morrisonmahoney.com
                                                  ct17321
                                                  Patrick J. Day
                                                  pday@morrisonmahoney.com
                                                  ct21858
                                                  Megan H. DeFrank
                                                  mdefrank@morrisonmahoney.com
                                                  ct31507
                                                  Morrison Mahoney LLP
                                                  One Constitution Plaza, 10th Floor
                                                  Hartford, CT 06103
                                                  Phone:   860-616-4441
                                                  Fax:      860-244-3800

## **CERTIFICATION**

     I hereby certify that on this same date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          /s/ *Patrick J. Day*
                                                         Patrick J. Day (CT21858)

9

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104748510.v1